# Supreme Court of Florida

_____

No. SC2023-1661

_____

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES.**

July 3, 2024

PER CURIAM.

The Florida Bar's Probate Rules Committee has filed a report proposing amendments to Florida Probate Rules 5.025 (Adversary Proceedings), 5.340 (Inventory), and 5.405 (Proceedings to Determine Protected Homestead Status of Real Property).[1] The Florida Bar's Board of Governors unanimously recommends acceptance of the proposed rule amendments.

The Committee published its proposals for comment and received three comments. In response to the comments, the Committee proposed additional amendments to rule 5.405. In accordance with Florida Rule of General Practice and Judicial

---

1. We have jurisdiction. _See_ art. V, § 2(a), Fla. Const.; _see also_ Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

Administration 2.140(b)(2), the additional amendments were published. After the proposed amendments were filed, we re-published the proposals for comment, but no comments were received. Having reviewed the Committee's proposals, we adopt the amendments as proposed. We discuss the more significant amendments below.

First, we amend subdivision (a) (Specific Adversary Proceedings) of rule 5.025 by reorganizing it into a list format. And to the list of types of adversary proceedings, we add "to contest the validity of a will."

Next, in subdivision (g) (Elective Share Proceedings) of rule 5.340, we add that the inventory of the elective estate assets filed by the personal representative "must value the elective estate assets as required by law."

Last, we amend subdivision (b) (Contents) of rule 5.405 to clarify and modify the required contents of the petition to determine the protected homestead status. We add that a petition must state the "petitioner's interest in the determination of protected homestead status for the real property." The petition must now specify "whether the decedent was survived by a spouse" and

"whether the surviving spouse waived the surviving spouse's homestead rights." We also add that the petition must include "whether the property was the domicile of the decedent, or if not, whether the property was located within a municipality and was the domicile of a member of the decedent's family." Further, we add a new subdivision (c) (Service of Notice) that requires the petition to be served on interested persons by formal notice.

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will take effect on October 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Zackary T. Zuroweste, Co-Chair, Probate Rules Committee, Clearwater, Florida; Erin Farrington Finlen, Co-Chair, Probate Rules Committee, Fort Lauderdale, Florida; Alexandra V. Rieman, Past Chair, Probate Rules Committee, Fort Lauderdale, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 5.025.    ADVERSARY PROCEEDINGS

**(a)    Specific Adversary Proceedings.** The following proceedings are adversary proceedings unless otherwise ordered by the court:

(1)    ~~proceedings~~ to remove ~~a personal representative,~~ or surcharge a personal representative~~,~~;

(2)    to remove ~~a guardian,~~ or surcharge a guardian~~,~~;

(3)    to obtain an injunction or temporary injunction ~~pursuant to~~under section 825.1035, Florida Statutes~~,~~;

(4)    to probate a lost or destroyed will, or later-discovered will~~,~~;

(5)    to determine beneficiaries~~,~~;

(6)    to contest the validity of a will;

(7)    for revocation of probate of a will;

(8)    to construe, reform, or modify a will~~, reform a will, modify a will,~~;

(9)    to cancel a devise~~,~~;

(10)    to partition property for the purposes of distribution~~,~~;

(11)    to determine pretermitted status, or ~~determine~~ pretermitted share~~,~~;

(12)    to determine amount of elective share; and

(13)    to determine elective share contribution~~, and for revocation of probate of a will~~.

**(b)** **Declared Adversary Proceedings.** Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.

(1)    [No Change]

(2)    If served by the respondent, the declaration and a written response to the petition must be served at the earlier of:

(A)    within 20 days after service of the petition~~,~~; or

(B)    ~~prior to~~before the hearing date on the petition.

(3)    [No Change]

**(c)**    [No Change]

**(d)**    **Notice and Procedure in Adversary Proceedings.**

(1)    Petitioner must serve formal notice, except as provided in proceedings ~~pursuant to~~under section 825.1035, Florida Statutes.

(2) – (5)    [No Change]

## Committee Notes

[No Change]

### Rule History

1975 Revision – 2018 Revision: [No Change]

2024 Revision: Subdivision (a) amended to create new subdivisions (a)(1)–(a)(13) and to include in the list of specific adversary proceedings those proceedings that contest the validity of a will. Committee notes revised.

### Statutory References

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ 732.201–732.2155, Fla. Stat. Elective share of surviving spouse.

§ 732.301, Fla. Stat. Pretermitted spouse.

§ 732.302, Fla. Stat. Pretermitted children.

§ 732.507, Fla. Stat. Effect of subsequent marriage, birth, adoption, or dissolution of marriage.

§§ 732.6005–732.611, Fla. Stat. Rules of construction.

§ 732.615, Fla. Stat. Reformation to correct mistakes.

§ 732.616, Fla. Stat. Modification to achieve testator's tax objectives.

§ 733.105, Fla. Stat. Determination of beneficiaries.

§ 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.

§ 733.109, Fla. Stat. Revocation of probate.

§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.

§ 733.208, Fla. Stat. Discovery of later will.

§ 733.212, Fla. Stat. Notice of administration; filing of objections.

§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.

§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.

§ 733.506, Fla. Stat. Proceedings for removal.

§ 733.5061, Fla. Stat. Appointment of successor upon removal.

§ 733.603, Fla. Stat. Personal representative to proceed without court order.

§ 733.609, Fla. Stat. Improper exercise of power; breach of fiduciary duty.

§ 733.619(2), (4), Fla. Stat. Individual liability of personal representative.

§ 733.814, Fla. Stat. Partition for purpose of distribution.

§ 744.3085, Fla. Stat. Guardian advocates.

§ 744.474, Fla. Stat. Reasons for removal of guardian.

§ 744.477, Fla. Stat. Proceedings for removal of a guardian.

§ 825.1035, Fla. Stat. Injunction for protection against exploitation of a vulnerable adult.

**Rule References**

[No Change]

**RULE 5.340. INVENTORY**

(a) **Contents and Filing.** Unless an inventory has been previously filed, the personal representative ~~shall~~must file an inventory of the estate within 60 days after issuance of letters. The inventory ~~shall~~must contain notice of the beneficiaries' rights under subdivision (e), list the estate with reasonable detail, and include for each listed item (excluding real property appearing to be protected homestead property) its estimated fair market value at the date of the decedent's death. Real property appearing to be protected homestead property ~~shall~~must be listed and so designated.

(b) **Extension.** On petition the time for filing the inventory may be extended by the court for cause shown without notice, except that the personal representative ~~shall~~must serve copies of the petition and order on the persons described in subdivision (d).

(c) **Amendments.** A supplementary or amended inventory containing the information required by subdivision (a) as to each affected item ~~shall~~must be filed and served by the personal representative if:

(1) the personal representative learns of property not included in the original inventory; ~~or~~

(2) – (3) [No Change]

(d) **Service.** The personal representative ~~shall~~must serve a copy of the inventory and all supplemental and amended inventories on the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing.

(e) **Information.** On request in writing, the personal representative ~~shall~~must provide the following:

(1) ~~T~~to the requesting residuary beneficiary or heir in an intestate estate, a written explanation of how the inventory value for an asset was determined or, if an appraisal was obtained, a copy of the appraisal~~.~~; and

(2)   ~~T~~to any other requesting beneficiary, a written explanation of how the inventory value for each asset distributed or proposed to be distributed to that beneficiary was determined or, if an appraisal of that asset was obtained, a copy of the appraisal.

**(f)   Notice to Nonresiduary Beneficiaries.** The personal representative ~~shall~~must provide to each nonresiduary beneficiary written notice of that beneficiary's right to receive a written explanation of how the inventory value for each asset distributed or proposed to be distributed to that beneficiary was determined or a copy of an appraisal, if any, of the asset.

**(g)   Elective Share Proceedings.** ~~Upon~~After entry of an order determining the surviving spouse's entitlement to the elective share, the personal representative ~~shall~~must file an inventory of the property entering into the elective estate which ~~shall~~must value the elective estate assets as required by law and identify the direct recipient, if any, of that property. The personal representative ~~shall~~must serve the inventory of the elective estate as provided in rule 5.360. On request in writing, the personal representative ~~shall~~must provide an interested person with a written explanation of how the inventory value for an asset was determined and ~~shall~~must permit an interested person to examine appraisals on which the inventory values are based.

**(h)   Verification.** All inventories ~~shall~~must be verified by the personal representative.

### Committee Notes

~~Inventories of the elective estate under subdivision (f) shall be afforded the same confidentiality as probate inventories. § 733.604(1) and (2), Fla. Stat.~~

Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in sections 733.604(1) and (2), Florida Statutes.

Inventories of the elective estate under subdivision (g) must be afforded the same confidentiality as probate inventories. See sections 733.604(1) and (2), Florida Statutes.

Constitutional protected homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional protected homestead property informs interested persons of the homestead issue.

Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The rights of beneficiaries to information contained in estate inventories is limited by section 733.604(3), Florida Statutes. Inventories of the elective estate under subdivision (f)(g) affects a broader class of interested persons who may obtain information regarding the assets disclosed therein subject to control by the court and the confidentiality afforded such inventories under sections 733.604(1) and (2), Florida Statutes.

**Rule History**

1980 Revision - 2012 Revision: [No Change]

2024 Revision: Amended subdivision (g) to require that the inventory must value the elective estate assets as required by law. Committee notes revised.

**Constitutional Reference**

[No Change]

**Statutory References**

§ 732.2035, Fla. Stat. Property entering into elective estate.

§ 732.2045, Fla. Stat. Exclusions and overlapping application.

§ 732.2055, Fla. Stat. Valuation of the elective estate.

§ 732.401, Fla. Stat. Descent of homestead.

§ 732.4015, Fla. Stat. Devise of homestead.

§ 733.604, Fla. Stat. Inventories and accountings; public records exemptions.

**Rule References**

[No Change]

# RULE 5.405.   PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD STATUS OF REAL PROPERTY

**(a)   Petition.** An interested person may file a petition to determine the protected homestead status of real property owned by the decedent or owned by the trustee of a trust described in section 733.707(3), Florida Statutes, of which the deceased settlor was treated as the owner of the real property ~~pursuant to~~under section 732.4015, Florida Statutes.

**(b)   Contents.** The petition ~~shall~~must be verified by the petitioner and ~~shall~~must state:

(1)   the petitioner's interest in the determination of protected homestead status for the real property;

(2)   the date of the decedent's death;

(2̶3)   the county of the decedent's domicile at the time of death;

(3̶4)   whether the decedent was survived by a spouse, and if so, the name of the decedent's surviving spouse, and whether the surviving spouse waived the surviving spouse's homestead rights;

(5)   the names of surviving descendants, and a statement as to whether the decedent had any minor children as of the date of death. ~~If so, they should be identified with~~, identifying any minor children by name and year of birth;

(4̶6)   a legal description of the property owned by the decedent on which ~~the decedent resided~~protected homestead is claimed;

(5̶7)   whether the property was the domicile of the decedent, or if not, whether the property was located within a municipality and was the domicile of a member of the decedent's family;

(8) how the real property was ~~owned~~titled at the time of the decedent's death; and

~~(6)~~(9) any other facts in support of the petition.

**(c)** **Service of Notice.** The petition must be served on interested persons by formal notice.

**(d)** **Order.** The court's order on the petition ~~shall~~must describe the real property and determine whether any of the real property constituted the protected homestead of the decedent. If the court determines that any of the real property was the protected homestead of the decedent, the order ~~shall~~must identify by name the person or persons entitled to the protected homestead real property and define the interest of each.

## Committee Notes

[No Change]

## Rule History

1984 Revision - 2021 Revision: [No Change]

2024 Revision: New subdivision (b)(5) created to conform to the requirements to determine protected homestead in Florida under Art. X, Sec. 4, (1), Florida Constitution. Contents of former subdivisions (b)(5) and (b)(6) moved to subdivisions (b)(6) and (b)(7) accordingly. New subdivision (d) created and the contents of former subdivision (c) moved to subdivision (d). Subdivision (c) created to clarify notice under the rule. Committee notes revised.

## Constitutional Reference

[No Change]

## Statutory References

§ 731.104, Fla. Stat. Verification of documents.

§ 731.201~~(33)~~, Fla. Stat. General definitions.

§ 731.301, Fla. Stat. Notice.

§ 731.302, Fla. Stat. Waiver and consent by interested person.

§ 732.103, Fla. Stat. Share of other heirs.

§ 732.104, Fla. Stat. Inheritance per stirpes.

§ 732.401, Fla. Stat. Descent of homestead.

§ 732.4015, Fla. Stat. Devise of homestead.

§ 732.702, Fla. Stat. Waiver of spousal rights.

§ 732.7025, Fla. Stat. Waiver of homestead rights by deed.

§ 733.607, Fla. Stat. Possession of estate.

§ 733.608, Fla. Stat. General power of the personal representative.

§ 733.707(3), Fla. Stat. Order of payment of expenses and obligations.

§ 736.0201(7), Fla. Stat. Role of court in trust proceedings.

§ 736.1109, Fla. Stat. Testamentary and revocable trusts; homestead protections.

§ 736.151, Fla. Stat. Homestead property.

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.205(a)(6) Filing evidence of death.

Fla. Prob. R. 5.340 Inventory.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.